STATE, Plaintiff-Appellee, v. FULLEN, Defendant-Appellant.

Ohio Appeals, Seventh District, Geauga County.

No. 322.   Decided December 8, 1959.

Mr. Lawrence J. Dolan, assistant prosecuting attorney, for plaintiff-appellee.

Mr. James L. Werner, for defendant-appellant.

DONAHUE, J.   Defendant-appellant, Juanita Fullen, was arrested and charged with the violation of Section 2151.41, Revised Code, which says in part:—

"No person shall * * * aid, abet, induce, cause, encourage * * * the neglect * * * of a child * * *."

Defendant, appellant here, knowing that one **Lee Bernard Brown** was the father of three very young children, set up a separate domicile with him and lived with him for over two months.

The sole question in the case is whether or not such cohabitation is a violation of this section.

Counsel for defendant contends that if such were true, then none would dare have any dealings with a father or mother for fear of violating this section.

This is, to our mind, but another version of Cain's classic question, "Am I my brother's keeper?" The answer is, of course, that to an extent we all are our brother's keepers.

Everything we do or say, affects the lives of others in some way. And that is particularly true of many actions of judges and lawyers.

Furthermore, much of what we do and say, affects the lives of children. We should recognize this and act accordingly. We should never adopt the philosophy of those who feel their lives are their own to live as they see fit, and how they live is nobody else's business.

As we see it, many things that many outsiders do may affect children in such a way as to come within the provisions of Section 2151.41, Revised Code.

In the first place, the first two words are "no person." This broadens the statute far beyond the actual parents themselves. It includes *any person*. The statute continues "shall * * * aid, abet, induce, cause, encourage * * *." There is quite a spread between the meaning of "aid" and "encourage." All of this leads to "the neglect * * * of a child * * *."

Was defendant-appellant a "person" whose acts affected these children? The answer can not be other than yes. Did her actions "encourage * * * the neglect * * * of a child"? Her actions could not fail to do so. They encouraged the father to remain away for long periods of time from the supervision and care he owed his children. Therefore she comes directly within the scope and intent of the statute.

Judgment affirmed.

GRIFFITH, P. J., and PHILLIPS, J., concur.